IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROY HARBIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:12-CV-872-VEH |
| | ) |
| CITY OF GADSDEN, ALABAMA, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on the Motion To Remand (doc. 3) filed by Plaintiff. Defendant, the City of Gadsden, Alabama, has responded. (Doc. 4). Plaintiff has replied. (Doc. 5). The Motion is therefore ripe for disposition. For the reasons discussed herein, Plaintiff's Motion To Remand is due to be **GRANTED**.

**I.    Procedural Background.**

This action was filed in the Circuit Court of Etowah County on January 11, 2007. (Docs. 1-1, 1-2). Although the complaint has been amended <u>five</u> times, in essence, this case appears to be a breach of contract dispute between Plaintiff, who is a police officer employed by Defendant, and Defendant.[1] On March 19, 2012, Defendant removed this action to federal court on the premise that federal question

---

[1] It appears that this action has at all times consisted of one plaintiff and one defendant.

jurisdiction is present. (Doc. 1).

## II.   Plaintiff's Arguments.

### 1.   The Removal Is Untimely.

Plaintiff argues that the Notice of Removal is untimely and that remand is due on that basis. (Doc. 3, pp.1, 6). Although this argument is entirely undeveloped, it appears that Plaintiff is arguing that the Notice of Removal is untimely because it was not filed within 30 days of Defendant's receipt of service of the state court complaint.[2] *See* 28 U.S.C. § 1446(b)(1)("The notice of removal ... shall be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based ....")

### 2.   Federal Question Jurisdiction Does Not Exist.

Plaintiff further argues that federal question jurisdiction does not exist because Plaintiff has not asserted any federal claims. (Doc. 3, *passim*; doc. 5; *passim*). The juxtaposition of these two arguments is confusing because, if Plaintiff has not asserted any federal claims, Defendant's Notice of Removal (which is based solely on federal question jurisdiction) cannot be too late. Plaintiff represents to the court that he "has not specifically alleged a violation of the U.S. Constitution in the

---

[2] The record does not show when Defendant was served, but the court notes that Defendant filed its Answer (to the first complaint) on March 12, 2007.

Complaint or any amended complaint." (Doc. 3, p.1). This court agrees. Further, having reviewed <u>all</u> of the state court documents, including the <u>fifty-one page</u> Response to Motion to Dismiss (doc. 1-24) that the Defendant avers creates federal question jurisdiction, this court finds that no federal claim or question exists in this case.

### III. Defendant's Response

Defendant responds: (1) that Plaintiff's timeliness argument is meritless; and (2) that if Plaintiff is not asserting a federal claim, "recognition of such by this [court] protects defendant from plaintiff's later asserting a federal claim before the state court and arguing that defendant waived its right to remove ... [and] likewise prevents plaintiff from later raising [a] federal claim and arguing that defendant waived its right to remove [by not removing prior to the date that Plaintiff raised such federal claim]." (Doc. 4, p.3). This court agrees.[3]

### IV. Federal Question Jurisdiction.

> Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, "which

---

[3] If Plaintiff were to later assert a federal question in the state court action and the Defendant were to remove the case again to this court, under this district's standard practice, the case would again be assigned to the undersigned judge.

> provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983).

*Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). "It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." *Jefferson County v. Acker*, 527 U.S. 423, 430 (1999) (citing 28 U.S.C. § 1441(a)).

Although the "vast majority" of federal question cases contain a federal law that creates the plaintiff's cause of action, *see Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), federal question jurisdiction is not limited to those cases. There are some situations in which, even though the federal law does not <u>create</u> the cause of action, the case depends on the resolution of a federal question sufficiently substantial to "<u>arise under</u>" federal law. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983); *see also Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (explaining that federal jurisdiction exists when the right to relief "depends upon the construction or application" of federal law and the claim "is not merely colorable"). Thus, to sustain

federal question jurisdiction in this case, Defendant must plausibly demonstrate either (1) the existence of a federal law that potentially creates a cause of action for Plaintiff based on the allegations of Plaintiff's complaint (as amended), or (2) that disposition of the case, as alleged by Plaintiff, in his complaint, depends on the resolution of a substantial federal question.

Here, upon studying the allegations of the removed complaint as amended, the court finds that neither federal question prong exists. Specifically, and as argued by Plaintiff, <u>nowhere</u> does Plaintiff assert a federal claim or seek relief pursuant to federal law.

Moreover, any reference to federal law contained in any of the pleadings does not, without more, pose a substantial federal question. *See Merrell Dow*, 478 U.S. at 812 (holding that merely asserting that a federal statute has been violated and that such violation is a "rebuttable presumption" or a "proximate cause" under state law is insufficient to create federal question jurisdiction.); *see also Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir. 1998) ("The instant case is closely analogous to *Merrell Dow*. There, the Supreme Court found no federal-question jurisdiction where a state law cause of action incorporated as an element proof of the violation of a federal duty . . . but where there was no private cause of action with respect to the federal duty.") (emphasis added).

Considering that the allegations in *Merrell Dow* and *Jaireth* were insufficient to create federal jurisdiction, it is crystal clear that the instant case also does not contain any federal question. In this case, there is <u>no correlation whatsoever</u> between Plaintiff's assertions of violations of equal protection and the elements of Plaintiff's claim for breach of contract. Rather, Plaintiff's references to equal protection is merely "color language," and <u>adds nothing</u> to Plaintiff's claim.[4]

## V.  Conclusion.

Plaintiff has not pled an equal protection claim (or any other federal claim). In the absence of a clear statement that Plaintiff is pursuing a Fourteenth Amendment claim, federal jurisdiction is not present. The court will not assume that such a claim has been implicitly pled. As such, this court lacks subject matter jurisdiction over this lawsuit, and this case is due to be remanded to state court.

A separate Order of Remand will be entered consistent with this Memorandum Opinion.

---

[4] Given that this is the <u>second</u> time that a breach of contract case filed in state court by Plaintiff's attorney has been removed <u>to the undersigned</u> and remanded to state court, one wonders why Plaintiff's attorney keeps inserting such confusing and superfluous statements in his state court pleadings. *(See* Memorandum Opinion dated March 3, 2010, in *Bowman v. City of Gadsden, Alabama*, 2:09-cv-02464-VEH, attached as Exhibit A to Plaintiff's Motion To Remand, doc. 3.)

**DONE** this the 19th day of June, 2012.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge